Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the

_____ District of Nebraska

_____ Division

RECEIVED
NOV 09 2023
CLERK
U.S. DISTRICT COURT
LINCOLN

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2023 NOV -9 PM 2:06

Mary Elaine Hollins
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Lancaster County School District
0001 d/b/a Lincoln Public Schools
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Case No. 4:23cv3216
(to be filled in by the Clerk's Office)

Jury Trial: (check one) ☐ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Mary Hollins
   Street Address: 8330 S 33rd Street #508
   City and County: Lincoln   Lancaster County
   State and Zip Code: Nebraska  68516
   Telephone Number: 402-429-2587
   E-mail Address: mhollins1@gmail.com

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1
- Name: Lancaster County School District 001
- Job or Title (if known):
- Street Address: 5905 'O' Street
- City and County: Lincoln    Lancaster County
- State and Zip Code: Nebraska   68501-2889
- Telephone Number: 402-436-1000
- E-mail Address (if known):

Defendant No. 2
- Name: Vicki Krajnik
- Job or Title (if known): Para
- Street Address: 5905 'O' Street
- City and County: Lincoln    Lancaster
- State and Zip Code: Nebraska   68501-2889
- Telephone Number: 402-436-1000
- E-mail Address (if known):

Defendant No. 3
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

Name: Irving Middle School
Street Address: 2745 S 22nd street
City and County: Lincoln  Lancaster
State and Zip Code: Nebraska 68502
Telephone Number: 402-436-1214

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to (check all that apply):

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)

☑ Other federal law (specify the federal law):
Retaliation and harassment- Title VII Civil Rights

☑ Relevant state law (specify, if known):
Retaliation and harassment- Title VII Civil Rights

☐ Relevant city or county law (specify, if known):

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☑ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☑ Other acts *(specify):* Harassment by Co-Worker

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
Harassment began 9/2021 thru 4/2022. Retaliation on 4-8-2022

C. I believe that defendant(s) *(check one):*
- ☑ is/are still committing these acts against me. (due to false position statement)
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain):* - filing a prior EEOC charge. I was Retaliated by the district. The district used Retaliation.

- ☐ race
- ☐ color
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

E. The facts of my case are as follows. Attach additional pages if needed.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

July 5, 2022

B. The Equal Employment Opportunity Commission *(check one)*:

- ☐ has not issued a Notice of Right to Sue letter.
- ☑ issued a Notice of Right to Sue letter, which I received on *(date)* Aug 19, 2023

    *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

- ☐ 60 days or more have elapsed.
- ☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11-7-2023

Signature of Plaintiff _Mary Hollins_

Printed Name of Plaintiff  Mary Hollins

### B. For Attorneys

Date of signing: _____

Signature of Attorney  _____
Printed Name of Attorney  _____
Bar Number  _____
Name of Law Firm  _____
Street Address  _____
State and Zip Code  _____
Telephone Number  _____
E-mail Address  _____

## Statement of Claim

In my claim of harassment against defendant Vicki Krajnik. This defendant was harassing me on a daily basis by putting my life and health in grave danger. This dependent would partner up with another employee in spreading rumors and making false claims against me, as well. Her harassment would be on a daily basis for months.

In retaliation for the prior year EEOC charge that listed both the defendant Vicki and this defendant, Lincoln Public School District, this defendant allowed the harassment I suffered to continue. Lincoln Public School District received a letter from my physician stating both I and my daughter's, high risk category, if were to contract Covid 19. Knowing of this high risk, out of retaliation this defendant chose not to act on my complaints of Vicki Krajnik coughing upon me daily, within inches of my person, with her mask down, putting both I and my daughter's health and life in grave danger.

The defendant, Lincoln Public School District, continued the act of retaliation, by suspending me, upon receiving a charge by defendant Vicki, falsely accusing me of staring at her. I received disparaged treatment. The District did not act on the complaints of harassment I had reported. Vicki was left to remain in her current position without being held accountable for her actions against me.

I believe I am entitled to damages. My life and health was put in grave danger, by the defendant Vicki Krajnik. The unsafe and hostile working environment, I was subjected to daily, along with other uncivil acts this defendant put me through. Has caused stress, illness, humiliation, damage to my reputation, depression, and anxiety all leading to having to take prescription medication to try to get through it all.

The defendant, Lincoln Public School District. Took no actions toward the defendant Vicki Krajnik, to any of my complaints of harassment I had made. The District chose to leave my life and health in jeopardy, by not acting. And allowed Vicki to continue to perform other uncivil acts against me. I suffered more humiliation, stress, illness, anxiety, and depression from the disparaged treatment I received from this defendant. I was suspended and transferred to a school further in distance and not in the field of my expertise. I suffered more humiliation when I ran into a teacher who had previously worked at Irving. She automatically asked if I was asked to transfer. She and others knew that for I to enter a new school with 6 weeks left in the term it had to be for an unwanted transfer. I had to answer honestly and tell her, yes I was made to transfer. I was even asked by students if I was made to transfer. It has become common knowledge, that a transfer that late in the year was not a wanted transfer. The humiliation and stress, on top of being assigned to an area that I had no experience in. Was pure torture to say the least. The defendant Vicki was allowed to remain at Irving in the same field of education and still remains there to this day. I received disparaged treatment all in retaliation for filing a prior year EEOC charge against the two named defendants.

These are the actions of each defendants involvement and how they caused harm:

Defendant Vicki Krajnik: September 2021 thru April 6, 2022

This dependent was made aware that I had listed her in the prior year EEOC charge. She was also made aware of the 'no just cause' and celebrated her win.

September 2021 the entire school district was required to wear mask during Covid 19 and required to report symptoms. The Covid 19 levels were red. This defendant would lower her mask when within inches of my person and cough directly upon me. She did not do this to any other staff. She would only do this to me. This was a daily occurrence that I had to live with throughout the time of Covid 19. She would continue to put my life in danger. When I asked to cover her cough, she proceeded in giving me the middle finger. I came to work each day stressed and worried about catching Covid 19 from this defendant. And wondering what additional uncivil act she would preform against me. I did end up contracting Covid 19.

I would report all acts of the harassment and she would simply deny them and nothing more was done to correct the situation. I learned from reading the file there were reports made against me, that I was never made aware of and was not given the opportunity to respond to. My health was going down, due to the daily stress I was put under from this defendant.

The harm this defendant caused to my mental, emotional, and physical state, to this day haunts me. The scars are deep and continues to rise to the service yet today. I am still currently on medication for anxiety and depression. I continue to have nightmares about the harassment to this day.

Defendant Lincoln Public Schools, their involvement and harm: Sept 2021-April 8, 2022.

Marla Styles is supervisor of Para Educators in Human Resources. She told me that she was kept informed of reports I had made to the Special Education Coordinator, Kelsey Banks. Marla Styles was also aware of the prior year EEOC charge that I made against defendant Vicki Krajnik and the district.

Marla was given a copy of my physicians letter stating, that both I and my daughter were in the high risk category during Covid 19. This defendant knowing of my high risk category. Chose not to act on Vicki Krajnik's continual coughing upon me. This defendant was much aware that the city Covid 19 level of being red. She failed to take

any steps to correct the environment, that I was forced to work under. I was never contacted by Marla Styles of HR regarding the unsafe conditions I was subjected to by Vicki. Students would receive disciplinary actions, when it was reported that they had their mask below their nose. Yet, there was no actions taken against Vicki for lowering her mask below her mouth. The defendant, Lincoln Public Schools also failed to take any steps toward Vicki giving me the middle finger. Instead this defendant chose to accept Vicki's denial of her acts against me.

March 8, 2022 I requested a meeting with the coordinator addressing harassment. I accepted a peer mediation offer, Vicki chose not to have a peer mediation. April 4, 2022 another employee reports again after making several previous reports of Vicki's continual harassment against him due to his disability. April 6, 2022 Vicki made a false report accusing me of staring at her. I was never made aware of these charges nor called to answer to these false charges made against me. When April 8th arrived I was suspended. Vicki was not held accountable for my complaints of harassment, nor of the several reports of harassment from the other employee, against Vicki. Instead Marla reported to the investigator that the other employee reports of harassment can't be counted on due to his disability.

The damage this defendant, Lincoln Public School District has caused is unbearable. To have to of gone through all the harassment and the damage that it caused and still causes is hard to fully put into context for a person to understand, unless that person has gone through it his or herself. To know that I had no one willing to even attempt in ending the harassment is painful in its self. To have to bear the scars knowing that the District would do anything in its means to retaliate against those who would take charges to EEOC. To know that a company will protect the harasser at all cost to cover for their retaliation, leaves scars that continue to reopen, fester, and never heal.

E). The facts of my case are as follows: September 2021 thru April 8, 2022.

While Lincoln was under Covid 19 red level. There was a mask mandate. The mandate included the Lincoln Public School District as well as the city of Lincoln. During this epidemic more than 800,000 deaths had already occurred and the loss of life would continue to go up.

Vicki Krajnik a Para Educator at Irving Middle School had been named in the prior year EEOC charge that I had made against her and the Lincoln Public School District. Vicki became aware of her name being listed in the charge. She also became aware when the determination was 'no just cause', she was seen celebrating her win.

The school term of 2021/2022, Vicki found addition ways to harass me. She would continue in making false reports against me. But then added an even more serious way to harass me. The city was under a mask mandate as Covid 19 level had reached the red zone. Vicki would come within inches of me, lower her mask, exposing her mouth and cough upon me. This was an assault to my life and health. This form of harassment was done on a daily basis.

I explained to Vicki of my health condition and of my doctor placing both I and my daughter in the high risk category if we were to contract Covid 19. I explained to her that all levels of the administration were given my physicians letter, notifying them of this high risk category. I was hoping by explaining my risk, she would stop purposely coughing on me. This explanation of my health condition, did not deter her from lowering her mask below her mouth to cough upon me. She continued to jeopardize my life and health.

I had ask that she cover her cough, she did not give me a reply, but instead flipped me off with her middle finger. I had reported the acts of coughing on me and of her giving me the middle finger. I was informed that Vicki denied the acts. No actions were taken and she continued to put my life in health in danger on a daily basis. I did end up catching Covid 19 as well as my daughter.

Another employee would confide in me of her harassing him due to his disability. He had gone to report the harassment on several occasions. Her harassing toward him never ended. March 8, 2022 was my last report made regarding continued harassment both I and the other employee were having to work under. April 8, 2022 I was suspended and transferred to a different school further in distance. And not in the field of my expertise of 17yrs.

The morning of April 8th after clocking in at 9:00. I was immediately asked to meet with the principal and vice principal. I had come to audio all our meetings in fear of what lie Vicki may of reported, and this meeting was also record on audio. I was told by the principal that they had been in touch with HR and HR was aware of the concerns I had reported and that paras had made reports against me and that I was being suspended with pay and to report to HR at 11:30 that morning. The principal stated that this is all

that HR told her to say to me. She had no other information, then what was told to her to say. No one else was suspended for expressing concerns, only me.

When I arrived to the HR meeting, I had also audio recorded that 2hr 20min meeting. All in compliance with Nebraska One Party Law. By this time (2 1/2 hrs later), the reason for suspending me changed from HR saying, 'due to my expressing concerns and other paras reporting concerns that I was being suspended.' To, allegations Vicki had made against me on April 6, (unknown to me until later on April 8th) of falsely accusing me of staring at her, as being reason to suspend me.

The reasons kept changing in their position statement. Giving the reason to suspend me was due to my being part time and Vicki was full time. Yet presented to the investigator, an email from Vicki requesting a transfer. At the time of the suspension I did not know of Vicki's request to transfer, but Marla did. I only learned of it months later from the investigator. This shows there was no need to suspend and transfer me. Had Marla of honored Vicki's request to transfer two days prior to my suspension. She could of honored Vicki's request of transfer and moved me into Vicki's full time position. Both parties would of been satisfied in this outcome. But Marla chose retaliation instead and used my part time position as a pretext to her retaliation. She also falsely stated my student was home schooled as a reason and that it would be harder to fill Vicki's full time position over my part time. Another cover up. All she had to do was honor Vicki's request to transfer, she would not have to look to hire, she could of moved me in that full time position instead. I held more experience and college education in that position than Vicki had. There was no need to rehire, another cover up for the retaliation against me. Marla had plenty of time to honor Vicki's request to transfer that was made two days prior to suspending me. She could of moved me to another classroom while transferring Vicki as she requested. Or she could of allowed me to use my sick days while she transferred Vicky. Instead her choice was to retaliate against me.

The changing of reason for suspension kept continuing. By stating that they made the decision to suspend me on April 5th before the false charges were made against me of staring. Their reason for suspension kept changing trying to find the right one that could cover up their retaliation, all pre textual. And to affect the outcome of the commissions determination. I was not notified on April 6 about the allegations Vicki had made against me, nor was I notified on April 7th of these allegations. I was never given the opportunity to answer to these allegations and they had plenty of time to both notify me of the allegations and to allow me to speak on the allegation. Not until after being suspended and meeting with HR 21/2 hrs later, was I even was told of the allegation Vicki made against me. Then when I honestly denied the allegation. I was told, "I hear you saying you would never do that. But I have Vicki saying that you did."

I later learned by reading the file, that Vicki's false statement against me went from her telling one person, that she felt unsafe, to telling another person that she thought I was going to 'kill' her, to telling yet a third person that she thought I was going to hurt her,

to saying to another that she was afraid of me. With her taunting me daily in her harassment of me, coughing upon me within inches of my body daily, to flipping me off, to spreading rumors, is not a person having any form of fear of me. It was like she was hoping I would lash out in some physical form against her and when I didn't she had to come up with this lie. There was talks of cutting two para's and had to come up with something to falsely charge me with, to insure that she was not one of the two paras cut. They ended up not cutting anyone.

I learned from the investigator that Marla Styles of HR stated in her statement that yes, Jacob came forward. But that his account of events that happened to him can't be relied upon, due to his disability. She went as far as to use his disability against him in order to retain cover up of the retaliation against me. The investigator said she had thought it was odd that Marla would state that.

During the meeting I had with Marla on April 8th, she told me that I had a negative perception of Vicki and misperceiving Vicki coughing on me. She went on to give scenarios for Vicki's coughing upon me. She provided excuses for Vicki not agreeing to have a peer mediation. Through out the meeting she kept accusing me of not seeing Vicki's perception and telling me I had a misperception of Vicki coughing on me. To have her tell me that I was not perceiving correctly someone coming up to me daily, lowering her mask below her mouth and proceed in coughing upon me within inches of my being, during the red level of Covid 19, confirmed to me even more so that she was out to make me pay at all cost, for the prior EEOC charge made against the district. To use a persons disability against him in his making reports of harassment against the same person harassing me. Is not only against the Civil Rights Act IIV, but ethnically wrong to do this on any level. They did so, in order to cover the retaliation they pursued against me. The District failed both Jacob and I, in their seeking of revenge against me.

I also learned from reading the file. That other false reports were made against me, that I was never made aware of, and not given the opportunity to answer to those charges. These charges were not brought to my attention by the investigator nor by the person receiving the reports against me. I had to learn of them by reading the file. Had I been alerted at the time of the charges, I would of had my chance to provide statements from witness proving those charges were falsely made. But I was never granted that opportunity by the district nor by the investigator when she was given access to them.

Another fact in the case that I only learned of by reading the file. Is that the comparatives the District provided had nothing to do with the case and the investigator had stated such to them. Comparatives such as a certified teacher being cited for having sexual intercourse in a public stair way. Two staff bus drivers, having dirty UA's. Another certified teacher offering to bring mushroom and weed to a staff meeting. Another staff who was in charge of driving district vehicles were cited for reckless driving on at least two separate occasions.

With the comparative of a Para who didn't feel comfortable working alongside a couple of teachers, Marla Styles worked with the school administration to have her work in a classroom, far away from those teachers elsewhere in the building. Marla was involved with the school administration in rearranging the paras work schedule to make this para feel comfortable in her returning. Marla told this para, that if she wanted to transfer to a different school, that Marla will help make that transfer if the para chose to do that. The para still did not feel comfortable and chose to resign. This comparative had nothing to do with the case as well. This para didn't feel comfortable and chose to resign from the district. Marla did everything to help this para feel comfortable in returning, even placing her in a classroom far away from the room she felt uncomfortable being in. Marla took no steps in moving me else where in the building to escape the harassment. Instead, Marla allowed the harassment to continue. I learned that on April 6th, Vicki via email asked to be transferred. Marla knew of her request to transfer. Marla could of easily honored Vicki's request of transfer and moved me into the position Vicki held. It would of ended the harassment issues. Both parties involved would of been treated equal and fair. Instead two days after Vicki's request to transfer and Marla not honoring that request, Marla chose to suspend and transfer me. Again, there was an opportunity handed to Marla to honor both parties request. But out of retaliation, Marla chose to suspend and transfer me. When there was no need to do such, had she honored Vicki's request to transfer.

Another para was violating student privacy and was given opportunity to meet with the district for mediation and later chose to resign. I was not given the opportunity at any time during my reporting of harassment to meet with the district in mediation, I was instantly suspended.

The comparatives that were certified teachers, building maintenance, and bus drivers are not under the supervision of Marla Styles, in making the decision to transfer or suspend. Marla had no power in these comparatives to suspend, terminate, nor transfer these comparatives.

Marla Styles is the HR supervisor of Para Educators only and the two listed as Para's under direction of Marla Styles were given opportunities that she did not allowed for me to have. The one para, Marla bent over backwards to make her work environment comfortable for her, by working with the administration of that school in changing her work schedule and moving to another classroom within the building from the teachers she felt uncomfortable around. Marla allowed the choice to transfer or not up to that para, it was not a demand, the choice was left up to the para as an option if she would choose to go that route. That para chose to resign instead. I wasn't given the choice to work in another part of the building for the remaining 6 weeks of the school year. Even the second para who violated student privacy was given the opportunity to meet with the district in mediation, before any talk of transfer was presented and then chose to resign. Again I was not given that opportunity to have mediation with the district before any talks of suspension or transfer took place.

I was retaliated against by the district, for making an EEOC charge against the district, the prior year. Their constant changes of the reason for the suspension kept changing to cover up the retaliation, until they found one that their attorneys knew would sway the commission to find 'no just cause' in their favor.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

St Louis District Office
1222 Spruce, Room 8 100
St. Louis, MO 63103
(314)798-1960
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 08/15/2023

To: Ms. Mary E. Hollins
8330 S 33 St #508
Lincoln, NE 68516

Re: Ms. Mary E. Hollins v. LANCASTER COUNTY SCHOOL DISTRICT 0001
EEOC Charge Number: 32E-2022-00456

EEOC Representative and email: Joseph J. Wilson
State, Local & Tribal Program Manager
Joseph.Wilson@EEOC.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: David Davis 8/15/2023
David Davis
Acting District Director

cc: Gregory H Perry
Perry, Guthery, Hasse and Gessford
233 S 13 St, Ste 1400
Lincoln, NE 68508

*Rec'd on Aug, 19, 2023*
*mh*