IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARY ELAINE HOLLINS,

          Plaintiff,

vs.

LANCASTER COUNTY SCHOOL
DISTRICT 0001 d/b/a Lincoln Public
Schools; and VICKI KRAJNIK,

          Defendants.

4:23-CV-3216

MEMORANDUM AND ORDER

       The plaintiff, Mary Elaine Hollins, is a non-prisoner proceeding without payment of fees. The Court now conducts an initial review of the plaintiff's complaint, filing 1, to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

I. SUMMARY OF COMPLAINT

       This is an employment discrimination case. The plaintiff is suing her employer, the Lancaster County School District 0001, doing business as Lincoln Public Schools ("LPS"), and one of her coworkers, Vicki Krajnik, for "retaliation and harassment" under Title VII of the Civil Rights Act of 1965, 42 U.S.C. §§ 2000e *et seq.*, and unspecified state civil rights law(s).[1] *See* filing

---

[1] She checked the box on the complaint form for "Relevant state law" as one of the bases for this lawsuit, but repeated "Retaliation and harassment-Title VII Civil Rights" as the bases

1 at 3. The plaintiff claims she was subjected to unequal terms and conditions of her employment, and she claims she was retaliated against for filing a prior charge of discrimination. Filing 1 at 4.

The crux of the plaintiff's complaint is that her coworker, Krajnik, harassed her at work, and LPS failed to protect her. Beginning in September 2021, the coworker allegedly coughed on the plaintiff and violated the LPS mask mandate, knowing the plaintiff was considered high risk for contracting the COVID-19 virus. *See* filing 1 at 4, 7, 10. This was a daily occurrence. The coworker also gave the plaintiff "the middle finger" and spread rumors about her. *See* filing 1 at 9, 10. The plaintiff complained about the harassment several times, but LPS took no action.

The plaintiff alleges that her coworker then made false reports to LPS about the plaintiff. Filing 1 at 9. On April 8, 2022, the plaintiff was suspended with pay. Filing 1 at 10. The coworker faced no disciplinary action. Filing 1 at 11. The plaintiff was then forced to transfer to a different school, further away from where she lived and not in her field of expertise. Filing 1 at 7. Students were aware that the plaintiff did not want to be transferred. Filing 1 at 7. The plaintiff alleges that her coworker had requested a transfer, but the plaintiff, not the coworker, was transferred instead, involuntarily. *See* filing 1 at 11.

---

for both her state and federal law claims. Filing 1 at 3. Under Nebraska law, a plaintiff can sue under the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 28-1101 to 48-1125 (NFEPA), without no administrative exhaustion requirement. *See Goolsby v. Anderson,* 549 N.W.2d 153, 154 (Neb. 1996) (citing Neb. Rev. Stat. § 20–148). That said, it's well-established that NFEPA was patterned after Title VII, *see, e.g., City of Ft. Calhoun v. Collins,* 500 N.W.2d 822, 825 (Neb. 1993), and the Court sees nothing in this case to suggest that NFEPA provides the plaintiff with protections that Title VII does not. Accordingly, the Court's Title VII analysis is dispositive as to any nebulous NFEPA claims.

2

At some unspecified time, apparently prior to September 2021, the plaintiff filed her first charge of discrimination with the EEOC. Filing 1 at 8. Her coworker and LPS were named in that action, and she alleges she was retaliated against for bringing that charge. This case is based on her second charge of discrimination. The plaintiff exhausted her administrative remedies and timely filed this lawsuit. *See* filing 1 at 5; filing 1 at 15.

## II. STANDARD OF REVIEW

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for

3

relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

#### 1. CLAIM AGAINST LPS

The basis of the plaintiff's complaint is "harassment" and "retaliation." *See* filing 1 at 3-4. She asserts that her claims arise under Title VII of the Civil Rights Act. "Harassment" is the basis for a hostile work environment claim. *See, e.g., Bush v. Duncan Aviation, Inc.*, No. 4:24-cv-3057, 2025 WL 1068077, at *3 (D. Neb. Apr. 9, 2025).

Anti-discrimination laws do not prohibit all verbal or physical harassment and do not create a "general civility code." *See, e.g., Sellars v. CRST Expedited, Inc.*, 13 F.4th 681, 701 (8th Cir. 2021); *Shaver v. Indep. Stave Co.*, 350 F.3d 716, 721 (8th Cir. 2003). Title VII only protects employees from conduct based on specified characteristics: race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2. Even liberally construed, the plaintiff's complaint does not contain any facts that support even an inference that the alleged harassment was based on any of those protected characteristics.

The plaintiff has also not sufficiently alleged that she is protected by any other federal or state anti-discrimination statute.[2] *See, e.g., Shaver*, 350 F.3d

---

[2] The plaintiff alleges that she was considered "high risk" if she contracted the COVID-19 virus, and had a physician's note confirming such. *See* filing 1 at 7. If the plaintiff can explain any medical conditions in an amended complaint, she *might* have a claim for discrimination on the basis of a disability. A person has a disability under the Americans with Disabilities Act (or the Rehabilitation Act) if she has a "physical or mental impairment that substantially limits one or more major life activities," has "a record of such an impairment," or is "regarded as having such an impairment." 42 U.S.C. § 12102(1); 29 U.S.C. § 705(9).

4

t
t

at 720. However, an employee is protected from retaliation for reporting "employment actions that are not unlawful, so long as the employee acted in a good faith, objectively reasonable belief that the practices were unlawful." *Warren v. Kemp*, 79 F.4th 967, 974 (8th Cir. 2023); *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 977-78 (8th Cir. 2012) (internal quotations omitted). The Court will assess the plaintiff's allegations under that legal standard. *See Stone*, 364 F.3d at 915.

Title VII prohibits employers from retaliating against an employee who engaged in a protected activity. *E.g., Hunt v. Neb. Pub. Power Dist.*, 282 F.3d 1021, 1028 (8th Cir. 2002). A claim for such retaliation requires a plaintiff to show: (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) the adverse employment action occurred because she engaged in the protected activity. *Id.*

The plaintiff alleges two adverse employment actions: a retaliatory hostile work environment, *see Mahler v. First Dakota Title Ltd. P'ship*, 931 F.3d 799, 807 (8th Cir. 2019), and an involuntary transfer, *see Muldrow v. City of St. Louis*, 601 U.S. 346, 355 (2024). There is no question that the involuntary transfer is an adverse employment action. *See id.* However, the hostile work environment claim requires more discussion.

Harassment by a coworker constitutes a hostile work environment when: (1) an employee belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment affected a term, condition, or privilege of her employment; (4) her employer knew or should have known of the harassment; and (5) the employer failed to take proper action. *Stewart v. Rise, Inc.*, 791 F.3d 849, 859 (8th Cir. 2015); *see also Mahler*, 931 F.3d at 806. To be actionable, the environment must be both subjectively and objectively

5

offensive: that is, a reasonable person would find the conduct to be hostile and abusive, and the victim actually perceived it to be so. *Stewart,* 791 F.3d at 859.

The plaintiff's allegations, that the harassment occurred daily and that the coworker physically invaded the plaintiff's space, support an inference that the plaintiff was subjected to unwanted harassment that affected the terms and conditions her employment. The plaintiff also alleged she reported the harassment and the employer did not intervene.

Two questions remain: The first is whether the complaint contains facts indicating the plaintiff's earlier charge of discrimination was made "in a good faith, objectively reasonable belief that the practices were unlawful." *Guimaraes,* 674 F.3d at 977-78. As explained above, the plaintiff has not identified any protected characteristic upon which any charge of discrimination might be reasonably based, and it's not clear upon what basis the plaintiff filed the earlier charge, or whether a reasonable person would have thought such conduct was unlawful. *See Buettner v. Arch Coal Sales Co.,* 216 F.3d 707, 714 (8th Cir. 2000).

The second remaining question is whether the complaint contains enough information to support a causal connection between the adverse employment actions and the earlier charge of discrimination. The plaintiff suggests that the earlier charge of discrimination was based on her coworker's harassment. Filing 1 at 7. However, if that's true, then the coworker's *continued* harassment, standing alone, can't have been "caused by" the plaintiff's charge of discrimination. *See Russell v. TG Mo. Corp.,* 340 F.3d 735, 748 (8th Cir. 2003). Further, the earlier charge of discrimination may be too remote in time to support an inference that LPS retaliated against the plaintiff when it involuntarily transferred her. *See EEOC v. Kohler Co.,* 335 F.3d 766, 774 (8th Cir. 2003).

6

Because the complaint does not contain sufficient facts to state a claim for retaliation, the plaintiff has failed to state a claim upon which relief can be granted, and her complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2).

### 2. CLAIM AGAINST KRAJNIK

In addition to suing LPS, the plaintiff has sued Krajnik in an individual capacity, and that claim has a separate problem that the plaintiff can't plead over. Title VII addresses the conduct of employers only and does not impose liability on co-workers. *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006) (citing *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994)). Because the plaintiff cannot sue Krajnik under Title VII, her claim will be dismissed as to Krajnik without leave to replead.

### IV. CONCLUSION

Federal anti-discrimination laws do not protect employees from general harassment by a coworker. Harassment is unlawful only if it is motivated by a person's gender, race, or disability (among other protected characteristics). Nor does state law permit a court to "rely on generalized concepts of fairness and justice" in determining whether an employer acted wrongfully. *See Dibbern v. York Surgical Assocs.*, 318 Neb. 928, 935 (2025). Courts do not sit as "super-personnel departments" that review the "wisdom or fairness" of decisions made by employers, *unless* those decisions involve either intentional discrimination based on protected characteristics, or unlawful retaliation. *E.g., Logan v. Liberty Healthcare Corp.*, 416 F.3d 877, 883 (8th Cir. 2005).

As it stands, the plaintiff has alleged that a coworker harassed her. While unfortunate and certainly unpleasant, none of the facts alleged support an inference that such harassment was a result of discrimination based on any

7

of the plaintiff's protected characteristics, nor a result of unlawful retaliation. On its own motion, the Court will give the plaintiff 30 days to file an amended complaint that states a plausible claim for relief against LPS. Otherwise, this action will be dismissed.

IT IS ORDERED:

1. Defendant Krajnik is dismissed from this action as plaintiff's Title VII claim against her cannot proceed.

2. The plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to the plaintiff. In the amended complaint, the plaintiff must comply with federal pleading requirements.

3. In the event the plaintiff files an amended complaint, the plaintiff shall restate the relevant allegations of the complaint, filing 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. The plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

4. The plaintiff is advised that following the filing of her amended complaint, the next step in this case will be for the Court to conduct an initial review of the plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C.

1915(e)(2). The Court will conduct this review in its normal course of business.

5. Should the plaintiff require more time to comply with this Order, she must move for an extension, in writing, prior to the expiration of the deadline for compliance.

6. The Clerk's Office is directed to set pro se case management deadlines in this case using the following text: June 19, 2025: check for amended complaint.

Dated this 20th day of May, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge

9