IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARY ELAINE HOLLINS,

    Plaintiff,

vs.

LANCASTER COUNTY SCHOOL DISTRICT 0001 d/b/a Lincoln Public Schools,

    Defendant.

4:23-CV-3216

MEMORANDUM AND ORDER

    The plaintiff, Mary Elaine Hollins, is a non-prisoner proceeding without payment of fees. The Court now conducts an initial review of the plaintiff's amended complaint,[1] filing 8, to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

    The plaintiff is seeking relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for alleged employment discrimination. She asserts that she was retaliated against because she filed a charge of discrimination against her employer sometime prior to September 2021, during "the prior school term." *See* filing 8 at 4, 6. She asserts that she was involuntarily transferred and subject to disparate treatment out of retaliation for her earlier charge of discrimination. The plaintiff exhausted her administrative remedies. *See* filing 1 at 15.

---

[1] The Court set the deadline for the plaintiff to file an amended complaint as a federal holiday, June 19, 2025, and the clerk's office was unavailable. Filing 7 at 9. The plaintiff timely filed her amended complaint on June 20, 2025. *See* Fed. R. Civ. P. 6(a)(3)(A).

Title VII prohibits employers from retaliating against employees who engaged in protected activity. *E.g., Hunt v. Neb. Pub. Power Dist.*, 282 F.3d 1021, 1028 (8th Cir. 2002). A claim for retaliation requires a plaintiff to show that she engaged in a protected activity; she suffered an adverse employment action; and the adverse employment action occurred because she engaged in the protected activity. *Id.* An employee is protected from retaliation for reporting "employment actions that are not unlawful, so long as the employee acted in a good faith, objectively reasonable belief that the practices were unlawful." *Warren v. Kemp*, 79 F.4th 967, 974 (8th Cir. 2023).

In its initial review, filing 7, of the plaintiff's original complaint, filing 1, the Court detailed the problems with the plaintiff's retaliation claim: The complaint lacked facts supporting an inference that the plaintiff engaged in a protected activity or that the adverse employment action happened because she engaged in a protected activity, *See* filing 7 at 7-8. Specifically, the Court instructed the plaintiff to file an amended complaint that provided more facts regarding her first charge of discrimination, including the basis upon which the plaintiff filed the earlier charge and the timing of that charge. Filing 7 at 6.

The plaintiff's amended complaint alleges that she filed a charge of discrimination during "the prior school term," presumably between September 2020 and May 2021, regarding a coworker harassing her and her employer's failure to stop the harassment. Filing 8 at 6. The plaintiff alleges that her employer "retaliated by not addressing [her] complaints and not changing the unsafe working environment . . . then later retaliated in the form of a suspension." Filing 8 at 6.

These facts do not support an inference that the continued harassment was the *result* of the plaintiff's EEOC charge. A claim that retaliatory conduct occurred *before* an administrative charge was filed does not support an inference

2

that the administrative charge *caused* the conduct. *See Russell v. TG Mo. Corp.,* 340 F.3d 735, 748 (8th Cir. 2003); *Meinen v. Bi-State Dev. Agency,* 101 F.4th 947, 950-51 (8th Cir. 2024). The plaintiff alleges that she was suspended and involuntarily after her alleged protected activity, in April 2022. Filing 8 at 5. But even generously assuming that the plaintiff filed her earlier charge of discrimination as late as August 2021, a suspension more than six months later is too remote in time to support an inference that the suspension was *caused by* the protected action. *See, e.g., Meinen,* 101 F.4th at 950-51.

The plaintiff's amended complaint does not offer the additional facts requested by the Court. The plaintiff has failed to allege the necessary context surrounding her first charge of discrimination so as to state a claim for retaliation in violation of Title VII. *See id.* The plaintiff's complaint is subject to summary dismissal under 28 U.S.C. § 1915(e). Accordingly,

IT IS ORDERED:

1. This matter is dismissed without prejudice.

2. A separate judgment will be entered.

Dated this 30th day of June, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

3